[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10219
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:03-cr-00249-SCB-MSS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID O. EDWARDS,
a.k.a. Dre,

Defendant-Appellant.

_____

Appeal from the Unites States District Court
for the Middle District of Florida

_____

(June 14, 2010)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

David O. Edwards appeals the district court's order granting him a reduced

sentence under 18 U.S.C. § 3582(c)(2). He argues that the record does not

sufficiently reflect whether the district court considered the sentencing factors outlined at 18 U.S.C. § 3553(a) in amending his sentence. Edwards also argues that, based on his post-sentencing conduct, the district court should have sentenced him below the amended guidelines range. We review for abuse of discretion a district court's decision to reduce a sentence under § 3582(c)(2). United States v. Smith, 568 F.3d 923, 926 (11th Cir. 2009). We review *de novo* the district court's legal conclusions about its authority under § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

District courts have discretion to modify prison terms where those terms were calculated within a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). In November 2007, after Edwards was originally sentenced, the Sentencing Commission adopted Amendment 706, lowering the base offense level for crack cocaine offenses by two levels. United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009). In October 2009, Edwards filed a motion for modification of his sentence in accordance with Amendment 706. The district court granted his motion, sentencing him towards the low end of the amended guidelines range.

If a district court chooses to resentence a prisoner under § 3582(c)(2), it must first calculate the new guidelines range, and then it must consider the

§ 3553(a) factors to determine the appropriate amended sentence. Smith, 568 F.3d at 927. The district court is required to consider the § 3553(a) factors, although it need not "articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors" were considered. United States v. Eggersdorf, 126 F.3d 1318, 1322–23 (11th Cir. 1997). Where the district court states on the record that it "reviewed the motions, the Government's [response], the record, and [was] otherwise . . . duly advised," it has satisfied this requirement. Id.

While the district court did not explicitly address the § 3553 factors, its order mentions Edwards's response memorandum, which requested a lower sentence in light of Amendment 706 and the § 3553(a) factors. The order also explains the court's reasoning that the new sentence is consistent with the original sentence's placement within the guidelines range. We are satisfied that the district court adequately considered the § 3553(a) factors. Cf. United States v. Douglas, 576 F.3d 1216, 1219 (11th Cir. 2009) (vacating and remanding where the record lacked any evidence that the district court considered the § 3553(a) factors after it summarily granted the defendant's motion for resentencing); Williams, 557 F.3d at 1257 (same).

Edwards argues that, based on his post-conviction conduct, the district court should have sentenced him below the amended guidelines range. However, any reduced sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Here, the applicable policy statements prohibit the district court from reducing Edwards's sentence below the minimum of the amended guidelines range. See United States Sentencing Guidelines § 1B1.10(b)(2)(A) (Nov. 2009). In United States v. Melvin, 556 F.3d 1190 (11th Cir. 2009), we explicitly held that the Supreme Court's decisions in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) and Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007) do not apply to resentencing under § 3582(c)(2). Melvin, 556 F.3d at 1192. As a result, the district court could not deviate below the amended guidelines range. Id. at 1193–94. Although Edwards encourages us to abandon Melvin, we are bound by our precedent "'unless and until it is overruled by this court en banc or by the Supreme Court.'" Douglas, 576 F.3d at 1219 (quoting United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008)).

Upon review of the record and consideration of the parties' briefs, we conclude that the record is sufficient to show that the district court considered the § 3553(a) sentencing factors in resentencing Edwards. We **AFFIRM**.

4