[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17023
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 01-00240-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT REESE LYONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 12, 2010)

Before CARNES, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Reese Lyons appeals through counsel the district court's denial of his

18 U.S.C. § 3582(c)(2) motion for a reduced sentence based on Amendment 706 to the Sentencing Guidelines.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Section 3582(c)(2) allows a district court to reduce the term of imprisonment of "a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 706 to the Sentencing Guidelines lowered the offense levels in § 2D1.1 for most crack cocaine offenses. See United States v. Douglas, 576 F.3d 1216, 1218 (11th Cir. 2009); see also United States v. Smith, 568 F.3d 923, 926 (11th Cir. 2009) (observing that "Amendment 706 . . . reduced by two levels the base offense level for crack cocaine sentences calculated pursuant to U.S.S.G. § 2D1.1(c)"); United States v. Williams, 549 F.3d 1337, 1339 (11th Cir. 2008) (noting that "a defendant whose original sentencing range was based on something other than § 2D1.1 is precluded from receiving a sentence reduction" based on Amendment 706).

The district court concluded that Lyons was not eligible for a sentence reduction under § 3582(c)(2) because he qualified as a career offender under §

4B1.1, and therefore Amendment 706 did not lower the applicable guideline range. See United States v. Moore, 541 F.3d 1323, 1327–28 (11th Cir. 2008) (denying reduction for a defendant who was sentenced as a career offender under § 4B1.1); U.S.S.G. § 1B1.10, cmt. (n1.(A)) (prohibiting reduction where "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline").  Lyons contends that was error.  He argues that his sentence was based on § 2D1.1 rather than § 4B1.1.  Lyons asserts that the career offender enhancement applies only if the enhanced offense level is greater than the offense level that is otherwise applicable.  See U.S.S.G. § 4B1.1(b). Because his offense level was 32 under both § 4B1.1 and § 2D1.1, he argues that his sentence was based on the crack cocaine guidelines rather than the career offender guideline.[1]

The district court did not err in denying Lyon's § 3582(c)(2) motion.  Even if Lyons' sentence was based on § 2D1.1 and Amendment 706 had reduced his offense level by two levels to 30, see Smith, 568 F.3d at 926, his guideline range would not change.  Lyons would still face an offense level of 32 under the career offender guideline.  See U.S.S.G. § 4B1.1(b) (providing that "if the offense level

---

[1]Lyons also asks us to overturn United States v Moore, 541 F.3d 1323 (11th Cir. 2008), but that decision can be overruled only by the en banc court or the Supreme Court.  See United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993).

for a career offender . . . is greater than the offense level otherwise applicable, the [career offender] offense level . . . shall apply").  The district court lacked authority under § 3582(c)(2) to reduce Lyons' sentence.

**AFFIRMED.**