[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10465
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:94-cr-00006-HLM-14

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEONARD HARRIS,
a.k.a. Hootie,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 20, 2012)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Leonard Harris, proceeding *pro se*, appeals the denial of his 18 U.S.C.

§ 3582(c)(2) motion to modify his term of imprisonment. For the reasons that follow, we affirm.

After a jury convicted him of one count of conspiracy to possess crack cocaine with intent to distribute and five counts of possession of crack cocaine with intent to distribute, Harris was sentenced in November of 1995 to 360 months' imprisonment. That sentence was at the bottom of the applicable sentencing guidelines range of 360 months to life. We affirmed Harris's conviction and sentence. *United States v. Wyatt*, 121 F.3d 721 (11th Cir. 1997) (unpublished table decision).

In 2008, Harris filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based upon Amendment 706 to the sentencing guidelines. The district court denied that motion on March 24, 2008, finding the Amendment would not reduce Harris's applicable guideline range because the sentencing court had held Harris responsible for more than 4.5 kilograms of crack cocaine. We dismissed Harris's appeal, which was not filed until January 2010, as untimely.

Harris then filed a second § 3582(c)(2) motion to reduce his sentence. Relying on Amendments 706 and 748, he contended he was entitled to a reduction because, in rejecting his previous motion, the district court had clearly erred in the amount of crack cocaine it found the sentencing court had attributed to him. The

2

district court construed Harris's motion as based on Amendments 706 and 750[1] and denied relief because (1) Amendment 750 would not lower his applicable guidelines range and (2) the law-of-the-case doctrine precluded reconsideration the court's prior denial of relief under Amendment 706.  This is Harris's appeal.[2]

"We review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines in a § 3582(c)(2) proceeding."  *United States v. Douglas*, 576 F.3d 1216, 1218 n.1 (11th Cir. 2009). We review a district court's ultimate decision not to reduce a sentence based upon § 3582(c)(2) for abuse of discretion, and its findings of fact for clear error.  *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009).  A district court is authorized to reduce a sentence under that provision only if a subsequent amendment to the sentencing guidelines would lower the defendant's guidelines range.  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B)

The district court's conclusion that it lacked authority to reexamine whether

---

[1] Harris accepts the district court's construction of his motion as based on Amendment 750, rather than Amendment 748.

[2] Because Harris did not mail his notice of appeal until January 18, 2012 from a judgment entered on January 3, 2012, Harris's appeal appears again to be untimely.  Fed. R. App. P. 4(b)(1).  But the government does not raise the issue of timeliness and has, therefore, abandoned that argument.  *See United States v. Frazier*, 605 F.3d 1271, 1278 (11th Cir. 2010) ("[A]n objection to an untimely notice of appeal in a criminal case may be forfeited . . . ." (citing *United States v. Lopez*, 562 F.3d 1309, 1304 (11th Cir. 2009)).

Harris was entitled to relief under Amendment 706 was correct. The court previously had rejected an identical motion based upon the same Amendment and that decision became final when Harris failed timely to appeal it. For that reason, the district court's March 2008 ruling that Amendment 706 provided no basis for reducing Harris's sentence is the law of this case. And Harris has offered no justification to depart from that binding determination. *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560-61 (11th Cir. 1997) (stating that a district court's decision of an issue not challenged on appeal binds subsequent district and circuit courts addressing the same case absent a substantial change in evidence or applicable law, or a demonstration that the previous findings were clearly erroneous and manifestly unjust).[3]

Harris's assertion that he was entitled to a reduced sentence under Amendment 750 because the district court's decision of the amount of crack cocaine attributed to him for sentencing purposes was wrong is, likewise,

---

[3] Although Harris contests the amount of crack cocaine the district court found was attributed to him at sentencing in ruling on his prior § 3582(c)(2) motion based on Amendment 706, we do not believe that finding was clearly erroneous. It is true that the sentencing court never expressly stated that Harris was responsible for more than 4.5 kilograms of crack. But the sentencing court found that Harris sold in excess of one kilogram per week for several months, which resulted in an offense level of 38 based upon "[a]t least 1.5 KG of Cocaine Base." U.S.S.G. § 2D1.1(c) (1994). Harris's argument that he was only held responsible for 1.5 kilograms of cocaine ignores the basis for the sentencing court's calculation and fails to demonstrate that the district court clearly erred in finding that his sentence was based upon his distribution of more than 4.5 kilograms.

foreclosed by the law-of-the-case doctrine. *Id.* at 1557, 1560-61 (holding that because "the question of how much usable cocaine [defendant] imported ha[d] already been decided" by district court and never appealed, the defendant was "barred by the law-of-the-case doctrine from relitigating the issue" in sentence reduction proceedings). In addressing Harris's previous § 3582(c)(2) motion, the district court found that Harris was held responsible for 4.5 kilograms, a finding Harris failed timely to challenge on appeal. With that amount, Harris's offense level when Amendment 750 is applied is reduced by only two points to 36. U.S.S.G. § 2D1.1(c). When the two-level increase for Harris's possession of a firearm is added and paired with his criminal history category of V, Harris's guidelines range is 360 months to life, the same guidelines range under which he was originally sentenced. *See Id.* § 2D1.1(b)(1) (firearm increase); U.S.S.G. Ch. 5, Pt. A (1994) (sentencing table).

Because Amendment 750 would not reduce his sentencing guidelines range, Harris was not entitled to a reduction in his term of imprisonment under § 3582(c)(2). *See United States v. James*, 548 F.3d 983, 985 (11th Cir. 2008) ("[W]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."

(internal quotation marks omitted)).

**AFFIRMED**.