[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10818
Non-Argument Calendar

_____

D. C. Docket No. 00-00547-CR-JTC-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER DOUGLAS,
a.k.a. Joseph Clark,
a.k.a. Christopher Desmond Douglas,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 29, 2009)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Christopher Douglas, a federal prisoner convicted of a crack cocaine offense,

appeals the district court's ruling on his 18 U.S.C. § 3582(c)(2) motion to reduce

his sentence. After review, we affirm in part and vacate and remand for further

consideration and explanation by the district court.[1]

## I. BACKGROUND FACTS

Douglas's § 3582(c)(2) motion was based on Amendment 706 to the

Sentencing Guidelines, which lowered the offense levels in U.S.S.G. § 2D1.1(c)

for most crack cocaine offenses. Douglas's original sentence was 188 months'

imprisonment, at the high end of the original guidelines range of 151 to 188

months. Upon consideration of Douglas's § 3582(c)(2) motion, the district court

found that Amendment 706 applied to Douglas and reduced his sentence to 162

months, at the high end of the amended guidelines range of 130 to 162 months.

The district court summarily granted Douglas's motion without a hearing or

a response from the government. Thus, there is no sentencing transcript to review.

The district court used the standard AO-247 form order, filling in the original and

amended guideline ranges, checking the box indicating that Douglas's motion was

granted, and reducing the sentence from 188 months to 162 months. The form

order does not mention 18 U.S.C. § 3553(a) or the § 3553(a) factors. Although

---

[1]We review <u>de novo</u> the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines in a § 3582(c)(2) proceeding. <u>United States v. White</u>, 305 F.3d 1264, 1267 (11th Cir. 2002). If a sentence reduction is authorized, we review the district court's decision to grant or deny a sentence reduction for an abuse of discretion. <u>Id.</u>

space is provided on the form for additional comments, the district court did not include any or otherwise explain its decision to impose a 162-month sentence. Douglas appeals.

## II. DISCUSSION

Under § 3582(c)(2), a district court has discretion to reduce a term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 944(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). In considering a § 3582(c)(2) motion, the district court engages in a two-step process. First, the district court must "recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). As to this first step, Douglas does not dispute that the district court properly calculated his amended guidelines range as 130 to 162 months.

In the second step, the district court must then decide, in light of the 18 U.S.C. § 3553(a) factors and in its discretion, whether it will impose a new

3

sentence within the amended guidelines range or retain the original sentence. Id. at 781. On appeal, Douglas argues that the district court erred in the second step by not sentencing him below his amended guidelines range. However, this Court has expressly held that (1) if the defendant's original sentence was within the then-applicable guidelines range, at resentencing, the district court has no discretion to impose a sentence below the amended guidelines range and (2) United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007), do not apply in § 3582(c)(2) proceedings. See United States v. Melvin, 556 F.3d 1190, 1191-92 (11th Cir.), cert. denied, 129 S. Ct. 2382 (2009); United States v. Smith, 568 F.3d 923, 929 (11th Cir. 2009) (stating that, after Melvin, the argument that a district court should have sentenced the defendant below the amended guidelines range is "no longer tenable"); see also U.S.S.G. § 1B1.10(b)(2)(A)-(B) & cmt. n.3.

Although Douglas contends that this Court wrongly decided Melvin, we are bound by it "unless and until it is overruled by this court en banc or by the Supreme Court." United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008), cert. denied, (U.S. June 22, 2009) (No. 08-8655). Because Douglas's original sentence was within the then-applicable guidelines range, the district court was not authorized to impose a new sentence below the amended guidelines range

4

of 130 to 162 months.  Thus, the district court did not err in denying Douglas's request for a below-guidelines sentence.

Douglas next argues that we nonetheless must vacate and remand for further proceedings because the record does not demonstrate that the district court considered the § 3553(a) factors prior to resentencing him within the amended guidelines range.  In considering whether to impose an amended sentence, the district court must consider the § 3553(a) factors, but "is not required to articulate the applicability of each factor, 'as long as the record demonstrates that the pertinent factors were taken into account by the district court.'"  United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009) (quotation marks omitted); see Smith, 568 F.3d at 927-28; United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997).[2]  However, if it is not possible to determine from the record whether the district court considered the § 3553(a) factors, we must vacate and remand the case to the district court.  Williams, 557 F.3d at 1257.  In Williams, the district court summarily granted the defendant's § 3582(c)(2) motion without mentioning the

_____

[2]The § 3553(a) factors include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, (3) the need promote respect for the law and afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with education and vocational training and medical care; (6) the kinds of sentences available; (7) the guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)-(7).

§ 3553(a) factors.  Id. at 1257.  Because there was nothing in the  record to show the district court had considered the § 3553(a) factors, we concluded that remand was necessary.  Id.  This case is like Williams in that nothing in the record shows that the district court considered the § 3553(a) factors in choosing a new sentence.  There is no record except the form order, which does not mention the § 3553(a) factors at all.  There is no government response or sentencing transcript.

We reject the government's argument that this case is like Eggersdorf.  Although the district court's § 3582(c)(2) order was short in Eggersdorf, it stated that the court had reviewed the defendant's motion, the government's brief in opposition, and the record.  126 F.3d at 1322.  In addition, the defendant's § 3582(c)(2) motion set out the § 3553(a) factors "word for word," and the government's brief stated specific factual reasons for denying the motion that related to three of the § 3553(a) factors.  Id. at 1322-23.[3]

Here, the district court's form order in Douglas's case indicates that it granted the motion after "having considered [the defendant's] motion."  Although

_____

[3]This case is also unlike United States v. Smith, decided after the briefing in this case concluded.  In Smith, we affirmed a form order granting a § 3582(c)(2) motion and imposing a sentence at the high end of the amended guidelines range where: (1) the district court's order referenced the defendant's motion; (2) that motion noted that the court could "consider all pertinent information applying Section 3553(a) factors" and "then presented arguments as to why those factors supported imposing a more lenient sentence"; (3) the district court held a sentence reduction hearing, at which the parties argued about the factors; and (4) the hearing transcript "can only be read and understood as an elaborate explication of the § 3553(a) factors." 568 F.3d at 928-29.

Douglas's motion cites § 3553(a), it does not set forth the § 3553(a) factors, and there is no response from the government at all nor a sentencing transcript reflecting that the factors were argued by the parties. Douglas's motion points out that, while serving his sentence, Douglas had earned his G.E.D. and completed prison programs on anger management, drug treatment, and parenting. Post-sentencing conduct facts do not implicate the § 3553(a) factors. See United States v. Lorenzo, 471 F.3d 1219, 1221 (11th Cir. 2006) (explaining that "[c]onsideration of post-sentencing behavior . . . directly contravenes two factors under § 3553."). Those facts, however, are relevant to the § 3583(c)(2) determination. See U.S.S.G. § 1B1.10 cmt. n.1(B) (requiring a district court to consider the § 3553(a) factors and permitting it to consider the defendant's post-sentencing conduct in evaluating whether and to what extent to reduce a sentence). Therefore, unlike in Eggersdorf, the district court order's reference to Douglas's § 3582(c)(2) motion is insufficient to show that it considered the § 3553(a) factors.

We are mindful that district courts must deal with a high volume of § 3582(c)(2) motions in the wake of Amendment 706. We do not suggest that the district court must always wait for a government response or hold a hearing before ruling on a § 3582(c)(2) motion or that it cannot use a form order in granting such a motion. However, the district court must ensure that the record reflects that it

considered the § 3553(a) factors in deciding to reduce a sentence. Without such information, we cannot engage in meaningful appellate review and must vacate and remand.

Accordingly, we affirm the district court's refusal to grant Douglas's request for a sentence below the amended guidelines range. However, there is nothing in the record to show the district court has considered the § 3553(a) factors and thus we vacate Douglas's sentence and remand for further consideration and explanation.

**AFFIRMED IN PART; VACATED AND REMANDED.**