[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13481
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 22, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 00-06015-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD T. ROBERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 22, 2010)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Donald T. Roberson appeals the district court's decision in an 18 U.S.C. §

3582(c)(2) proceeding not to reduce his sentence beneath the low end of the guidelines range. Thanks to Sentencing Guidelines Amendments 706 and 711 reducing the base offense level for crack cocaine offenses, Roberson had obtained a five-month reduction, to the low end of the applicable range. The district court had previously rejected three motions by Roberson for a reduced sentence. Roberson concedes that our holding in *United States v. Melvin*, 556 F.3d 1190, 1193–94 (11th Cir.), *cert. denied*, 129 S. Ct. 2382 (2009), barred the district court from reducing his sentence past the low end; and moreover that neither *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), nor *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007), prohibit Congress or the Sentencing Commission from limiting the discretion of a court under § 3582(c)(2). We are bound to follow an on-point ruling by a prior panel unless and until the panel is overruled by the U.S. Supreme Court or our own Court sitting en banc. *United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009). Finding no error, we affirm the judgment of the district court.

**AFFIRMED.**