[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 26, 2010
JOHN LEY
CLERK

No. 09-13819
Non-Argument Calendar

_____

D. C. Docket No. 93-00252-CR-UU

UNITED STATES OF AMERICA,

                                                                      Plaintiff-Appellee,

versus

CHEDRICK CRUMMIE,
aka Shatrack,

                                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 26, 2010)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Chedrick Crummie, through counsel, appeals the 405-month sentence imposed by the district court following its grant of his *pro se* motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2), and Amendment 706 to the U.S. Sentencing Guidelines. On appeal, he argues the district court's generalized recitation of its consideration of the 18 U.S.C. § 3553(a) factors, without more, was inadequate in light of the unique circumstances of his case. Specifically, Crummie asserts his substantial advancement, educationally, vocationally, and personally, during his 15 years of imprisonment, which is especially impressive given his unusually harsh and abusive childhood, warranted consideration under § 3553(a).[1] After review, we affirm.[2]

A district court need not specifically articulate the applicability of each § 3553(a) factor, as long as the record as a whole "demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997). In *Eggersdorf*, we found sufficient the district court's order stating it had reviewed the § 3582(c)(2) motion, the

---

[1] "Post-sentencing conduct facts do not implicate the § 3553(a) factors." *United States v. Douglas*, 576 F.3d 1216, 1220 (11th Cir. 2009).

[2] "In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). We review for an abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *Id.*

government's response in opposition, the record, and was "otherwise duly advised." *Id*. at 1322-23. We noted the motion and response had discussed factors that were relevant to the § 3553(a) factors. *Id*. However, where nothing in the record shows the district court considered § 3553(a), a district court's mere mention in a form order that it had considered the defendant's motion is insufficient where the defendant's motion merely mentions § 3553(a), but does not set forth the factors, and there is no response from the government, nor a sentencing transcript reflecting that the factors were discussed by the parties. *United States v. Douglas*, 576 F.3d 1216, 1220 (11th Cir. 2009).

In the case at bar, the district court did not err in determining the extent of the sentence reduction because the record demonstrates it took into account the pertinent § 3553(a) factors, and, on remand, specifically indicated it had considered the statutory factors. Although the court did not actually discuss the factors, it noted it had considered Crummie's § 3582 motion, which referenced the factors, and it had the benefit of his counseled supplement to the motion, as well as a response by the Government. *See Eggersdorf*, 126 F.3d at 1322. Accordingly, we affirm.

**AFFIRMED.**

3