[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13622
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 01-00008-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER DEVON GRANDISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 8, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Walter Grandison, proceeding *pro se*, appeals the sentence imposed by the district court following its grant of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Grandison argues the district court erred in determining the extent of his sentence reduction under § 3582(c)(2) because it failed to consider the 18 U.S.C. § 3553(a) factors. Grandison contends the court's failure to consider the § 3553(a) factors indicates it might not have appreciated the extent of its discretion to impose a lower sentence in light of the relevant factors. After review, we affirm.[1]

Here, the district court granted Grandison's § 3582(c)(2) motion and sentenced him to 324 months' imprisonment, the lowest end of the amended guideline range of 324-365 months' imprisonment. The district court failed to explicitly state it considered the § 3553(a) factors. *See United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009) ("[I]f it is not possible to determine from the record whether the district court considered the § 3553(a) factors, we must vacate and remand the case to the district court." ). Even if the court erred by not considering the § 3553(a) factors, such error was harmless because the district court lacked the authority to sentence Grandison below the amended guideline

---

[1] We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion and its conclusions regarding the scope of its legal authority *de novo*. *United States v. Williams*, 549 F.3d 1337, 1338 (11th Cir. 2008).

range sentence. *See* U.S.S.G. § 1B1.10(b)(2)(A) (stating that, generally, the court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range"); *United States v. Melvin*, 556 F.3d 1190, 1193-94 (11th Cir. 2009) (holding the district court erred in sentencing the defendant below the amended guideline range in violation of the guidelines policy statements), *cert. denied*, 129 S. Ct. 2382 (2009).

**AFFIRMED.**