[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2011
JOHN LEY
CLERK

No. 10-10697
Non-Argument Calendar

_____

D.C. Docket No. 4:05-cr-00227-BAE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRICK CLEVELAND TIGNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 29, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Demetrick Cleveland Tigner appeals pro se from the district court's order

granting his motion to reduce his 126-month sentence under 18 U.S.C. §

3582(c)(2) and resentencing him to a 125-month sentence, which was at the top of the amended guideline range. Tigner contends that the district court erred by failing to consider the 18 U.S.C. § 3553(a) factors and the public safety factor under U.S.S.G. § 1B1.10 in resentencing him.[1]

A district court's decision to grant or deny a § 3582(c)(2) reduction is reviewed only for an abuse of discretion. United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). A district court may modify a term of imprisonment if a defendant received a sentence based on a guidelines range that was later lowered by the Sentencing Commission so long as the reduction is consistent with the Commission's applicable policy statements. 18 U.S.C. § 3582(c)(2); United States v. Eggersdorf, 126 F.3d 1318, 1321–22 (11th Cir. 1997) ("The law permits, but does not require, the district court to resentence a defendant.").

In deciding a § 3582(c)(2) motion, the district court must first recalculate the applicable guidelines range, substituting the amended guideline for the one originally used. United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009). The district court then must decide in its discretion whether to retain the original sentence or to impose a new sentence within the amended range, considering the §

---

[1] Tigner also argues that the district court failed to consider his post-sentencing conduct, but that is something the district court does not have to consider. See U.S.S.G. § 1B1.10 cmt. 1(B)(iii).

3553(a) factors, as well as public safety considerations. Id. (citing U.S.S.G. § 1B1.10, cmt. 1(B)). The district court is "not required to articulate the applicability of each factor, as long as the record demonstrates that the pertinent factors were taken into account." Id. (quotation marks omitted). We must vacate and remand "[i]f it is not possible to determine from the record whether the district court considered the § 3553(a) factors." United States v. Douglas, 576 F.3d 1216, 1219 (11th Cir. 2009).

In Eggersdorf, the district court's order did not specifically reference any of the § 3553(a) factors, but it stated that it had reviewed the relevant documents, including the motions and the record. Eggersdorf, 126 F.3d at 1322–23. We held that the district court's indication that it had reviewed the relevant documents was sufficient to demonstrate that it had considered the § 3553(a) factors because the defendant's § 3582(c)(2) motion "set out the pertinent § 3553(a) factors word for word," and because the government's motion in opposition made specific arguments based on those factors. Id. We noted that the district court judge who decided the § 3582(c)(2) motion was familiar with the offense and the defendant because that judge had originally sentenced the defendant. Id. at 1323.

In this case, Tigner set out the pertinent factors word for word and made specific arguments based on those factors in his motion for a sentence reduction

3

and his motion for reconsideration. The district court expressly stated in its order granting the sentence reduction and its order denying reconsideration that it had "considered" Tigner's motions. By stating it had considered those motions, the district court adequately demonstrated that it weighed the relevant factors. Additionally, as in <u>Eggersdorf</u>, the district court judge was familiar with both Tigner and his offense because he was the judge who had originally sentenced Tigner.

**AFFIRMED.**