[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12700
Non-Argument Calendar
_____

D.C. Docket No. 3:08-cr-00047-MCR-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CRAIG LOWELL HARRIS,
a.k.a. Bronco,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 8, 2013)

Before CARNES, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Craig Lowell Harris, proceeding pro se, appeals the district court's denial of his motion to reduce his 168-month sentence under 18 U.S.C. § 3582(c).[1] Harris argues that his sentence should be reduced because the district court applied an "extraordinarily high and completely unrealistic" eighty percent conversion rate of crack cocaine to powder cocaine in determining the quantity of cocaine Harris possessed. The government counters that § 3582(c)(2) cannot be used to modify Harris's sentence because, in calculating his guideline range and sentence, the sentencing judge considered the crack cocaine to be powder cocaine.[2] After careful consideration, we affirm.

I.

"We review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines in a § 3582(c)(2) proceeding." United States v. Douglas, 576 F.3d 1216, 1218 n.1 (11th Cir. 2009). We review the district court's decision not to reduce a sentence based upon

---

[1] Harris's motion before the district court sought relief under § 3582(c)(2). Although Harris only cites to §3582(c) in his appellate brief, we assume he continues to seek relief under § 3582(c)(2).

[2] The government further argues that even if § 3582(c)(2) applied, it would not reduce Harris's sentence because his 168-month sentence was 94 months below the bottom of his advisory guideline range.

§ 3582(c)(2) for abuse of discretion, and its findings of fact for clear error.  United States v. Davis, 587 F.3d 1300, 1303 (11th Cir. 2009).

## II.

A district court may reduce a defendant's prison term if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2011).  However, when the defendant's sentencing range is not lowered by the retroactively applicable guideline amendment, the district court does not have authority to reduce the defendant's sentence.  See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); U.S.S.G. § 1B1.10(a)(2)(B).

Here, in anticipation of a change in the guidelines which would modify the discrepancy between crack and powder cocaine sentences, the sentencing judge treated the crack cocaine attributable to Harris as powder cocaine for sentencing purposes.  The result was that Amendment 750 to the Sentencing Guidelines, and related amendments, do not actually lower the guideline range relied upon by the district court in Harris's case.  Indeed, because the sentencing judge treated crack cocaine the same as powder cocaine, Harris's sentence was calculated on a lower base offense level than it would have been had the amendments been in effect at the time of his sentencing.  For these reasons, we cannot say that Amendment 750, or any other amendment to the Sentencing Guidelines, actually lowered the

3

guideline range in Harris's case.  As a result, the district court did not err by

concluding that Harris was not eligible for a sentence reduction pursuant to 18

U.S.C. § 3582(c)(2).  We affirm the district court's denial of Harris's motion.

**AFFIRMED**.