[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15003
Non-Argument Calendar
_____

D.C. Docket No. 3:08-cr-00053-MEF-SRW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMARIO HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(July 24, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Lamario Harris appeals the denial of his second motion to reduce his

sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the

Sentencing Guidelines.  Harris contends both he and the district court miscalculated his amended guideline range in his first § 3582(c)(2) motion, and that, because his correct amended guideline range was lower than the court calculated, the court had the authority in response to his second § 3582(c)(2) motion to reduce his sentence even further.

The district court did not abuse its discretion by denying Harris's second § 3582(c)(2) motion because, even if the district court incorrectly calculated his amended guideline range in its order granting his initial § 3582(c)(2) motion, Harris failed to appeal that decision.  *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560-61 (11th Cir. 1997) (stating a defendant is barred from challenging a district court's decision in a later stage of litigation if the party failed to challenge it on appeal when it had the opportunity to do so).  Instead, Harris chose to file a second § 3582(c)(2) motion to request a further reduction in his sentence, but, in failing to appeal his first § 3582(c)(2) order, Harris waived any right to challenge any of the conclusions in that order under the law-of-the-case doctrine.  *See id.*

Further, none of the exceptions to the law-of-the-case doctrine apply because (1) there was no later evidence that was substantially different, (2) there has been no subsequent controlling authority that requires a different opinion now, and (3) the decision was not clearly erroneous and would not work a manifest injustice.

2

*See id.* at 1561.  The only potentially relevant exception in this case is if the decision was clearly erroneous and would work a manifest injustice.

Even if the district court's calculation of Harris's guideline range was clearly erroneous, the decision did not work a manifest injustice, given that (1) the court was not required to reduce Harris's sentence under § 3582(c)(2) at all, *see United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (explaining once the district court determines the amended guideline range, the court has the *discretion* to determine if it will impose a new sentence under the amended guidelines or if it will retain the original sentence); (2) the district court was not required to re-impose the 2-level substantial-assistance departure, as the Guidelines only indicate the court was permitted to do so, *see* U.S.S.G. § 1B1.10(b)(2)(B); and (3) nothing in the text of § 3582(c)(2) or §1B1.10(b) indicates the district court was required to sentence below the high end of his guideline range, only that the court could not go below the low end except in cases involving substantial assistance.  As a result, the district court could have sentenced Harris to the 78-month sentence, even if it had calculated his guideline range properly.[1]  *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10.  Because there is no manifest injustice and none of the other exceptions apply, any challenge to the district court's calculation of Harris's amended

_____

[1]  With a total offense level of 23 and a criminal history category of IV, the district court calculated Harris's amended guideline range at 70 to 87 months' imprisonment in the original § 3582(c)(2).  It appears the total offense level should have actually been 21, yielding a guideline range of 57 to 71 months' imprisonment.

guidelines range is precluded under the law-of-the-case doctrine. *See Escobar-Urrego*, 110 F.3d at 1561.

Because Harris cannot directly challenge the district court's decision on his first § 3582(c)(2) motion due to his untimely notice of appeal, and because he cannot challenge the conclusions that the court made in that decision under the law-of-the-case doctrine, he cannot show that the district court's refusal to further reduce his sentence in response to his second § 3582(c)(2) motion was an abuse of discretion. *See United States v. Douglas*, 576 F.3d 1216, 1218 n.1 (11th Cir. 2009) (reviewing the district court's decision to grant or deny a § 3582(c)(2) motion for an abuse of discretion). Specifically, without reaching the calculations in the first order, Harris cannot show the district court applied an incorrect legal standard or made findings of fact that were clearly erroneous in its second order. *See United States v. Wilk*, 572 F.3d 1229, 1234 (11th Cir. 2009) (explaining an abuse of discretion occurs where the district court applies an incorrect legal standard or makes findings of facts that are clearly erroneous). Accordingly, we affirm.

**AFFIRMED.**