[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11391
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cr-80073-DTKH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 22, 2015)

Before ED CARNES, Chief Judge, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Anthony Jackson appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence.  He argues that he is entitled to a sentence reduction because Amendment 782 to the sentencing guidelines lowered the advisory guideline range for one of his convictions, and the Supreme Court's decision in Alleyne v. United States, 570 U.S. __, 133 S. Ct. 2151 (2013), resulted in a lower mandatory consecutive sentence for his other conviction, thereby reducing his total guidelines range for the combined convictions.

In 2008 Jackson pleaded guilty under a plea agreement to conspiracy to possess with intent to distribute in excess of five kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), and brandishing a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The presentence investigation report set a base offense level of 32 for his drug conviction based on U.S.S.G. § 2D1.1(a)(3), (c)(4) (2008), and after the application of several adjustments, it assigned him a total offense level of 35.  With his criminal history category of III, his advisory guidelines range was 210 to 262 months imprisonment.  In addition, his conviction for brandishing a firearm carried a mandatory minimum 84-month sentence, which was required to run consecutively to the sentence for the drug offense.  Based on the 18 U.S.C. § 3553(a) factors, the district court varied downward and sentenced Jackson to 156

2

months for the drug conviction, followed by the mandatory consecutive 84-month sentence for the firearm conviction, yielding a total sentence of 240 months.

In 2014 Jackson filed a pro se § 3582(c)(2) motion to reduce his sentence, contending that Amendment 782, which retroactively amended § 2D1.1, lowered his offense level. The district court determined that, although Amendment 782 lowered the offense level for Jackson's drug conviction, the downward variance he had received rendered his current sentence lower than the amended guidelines range. Because that variance was not for substantial assistance, the guidelines prohibited a comparable reduction to the amended range. The district court concluded that it lacked the authority to reduce Jackson's sentence and denied his § 3582(c)(2) motion.

We review de novo the district court's legal conclusions about its authority to reduce a sentence under § 3582(c)(2). United States v. Douglas, 576 F.3d 1216, 1218 n.1 (11th Cir. 2009). Jackson is correct that Amendment 782 reduced his offense level for his drug conviction to 33, yielding an amended guidelines range of 168 to 210 months. See U.S.S.G. § 1B1.10(d); U.S.S.G., App. C, Amend. 782 (2014). But his sentence for the drug offense — 156 months — is below the amended guidelines range, and the variance he received was not based on substantial assistance to authorities. See U.S.S.G. § 1B1.10(b)(2)(A)–(B) (providing that "the court shall not reduce the defendant's term of imprisonment

3

under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" unless the original sentence was reduced pursuant to a government motion for a downward variance based on substantial assistance).  The district court was not authorized by § 3582(c)(2) to reduce Jackson's sentence.  See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(b)(2).

Jackson also contends that the district court should have reduced the sentence for his firearm conviction from 84 months to 60 months because, in violation of the rule announced in Alleyne, the government did not prove to a jury beyond a reasonable doubt that he brandished a firearm.  See Alleyne, 570 U.S. at __, 133 S. Ct. at 2155.  Because he raised this argument for the first time on appeal, we review for plain error.  See United States v. Harris, 741 F.3d 1245, 1248 (11th Cir. 2014).  Under that standard, the defendant must show "(1) error, (2) that is plain, and (3) that affects substantial rights.  If those conditions are met, we may exercise our discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (citation omitted).

The district court did not err, plainly or otherwise, in failing to reduce Jackson's sentence for the firearm conviction because Alleyne is not an amendment to the guidelines that would authorize a sentence reduction under § 3582(c)(2).  See 18 U.S.C. § 3582(c)(2); cf. United States v. Moreno, 421 F.3d

4

1217, 1220 (11th Cir. 2005) (holding that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) "is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission.  Therefore, Booker is inapplicable to § 3582(c)(2) motions").  For these reasons, we affirm the district court's denial of Jackson's § 3582(c)(2) motion.

**AFFIRMED.**