**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Evelio RIZO, Sr., Defendant–Appellant.**

**No. 15–14647**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 10, 2016.

Phillip Drew Dirosa, U.S. Attorney's Office, Fort Lauderdale, FL, Adam Seth Fels, Wifredo A. Ferrer, Jon M. Juenger, Emily M. Smachetti, Frank Tamen, U.S. Attorney's Office, Miami, FL, Russell R.

Killinger, U.S. Attorney's Office, Fort Pierce, FL, for Plaintiff–Appellee.

Evelio Rizo, Sr., Coleman, FL, pro se.

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Evelio Rizo, Sr., appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. He contends that Amendment 782 to the sentencing guidelines lowered his total offense level and that under the Second Circuit's decision in *United States v. Rivera*, 662 F.3d 166 (2d Cir.2011), the district court had the authority to correct other errors that occurred at his original sentence hearing.

In 1997 Rizo was convicted of one count of conspiracy to possess with intent to distribute cocaine and four counts of attempting to obstruct commerce by robbery. The presentence investigation report set a base offense level of 38 for his drug conviction based on U.S.S.G. § 2D1.1 (1997), because the offense involved over 150 kilograms of cocaine. It also applied enhancements for using a dangerous weapon, physically restraining a victim in the course of the offense, and being an organizer or leader of the offense, for a total offense level of 46. With his criminal history category of I, Rizo's advisory guideline range was life imprisonment. At the sentence hearing, the district court found that Rizo was responsible for 156 kilograms of cocaine and sentenced him to life imprisonment for the drug offense, with concurrent 240 month sentences for the robbery offenses.

We review *de novo* the district court's legal conclusions about its authority to reduce a sentence under § 3582(c)(2). *United States v. Douglas*, 576 F.3d 1216, 1218 n. 1 (11th Cir.2009). A district court may modify a defendant's sentence if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). But the district court lacks authority to reduce a sentence under § 3582(c)(2) if the relevant amendment to the guidelines does not lower the defendant's advisory guideline range. *Id.*; U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 782 lowers Rizo's total offense level from 46 to 44. *See* U.S.S.G. § 2D1.1(a)(5), (c)(2) (2014); *id.*, Supp. to App. C., Amends. 782 & 788 (2014). But, like his original offense level of 46, Rizo's amended offense level of 44 yields an advisory guideline range of life imprisonment. The district court therefore properly found that it was not authorized to reduce his sentence based on Amendment 782. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2).

Nor was the district court authorized to reduce Rizo's sentence on any of the other bases that he argued. This Court "has been very clear in holding that a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing.... *[A]ll* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Bravo*, 203 F.3d 778, 781–82 (11th Cir. 2000). Rizo's argument that the Second Circuit's decision in *Rivera* authorized the district court to correct other alleged errors from his original sentence hearing is unavailing. Even if *Rivera* were binding precedent in this Circuit, which it is not, that case related to how to determine what

a defendant's sentence was "based on" for purposes of § 3582(c)(2) and § 1B1.10. *See Rivera*, 662 F.3d at 177. It did not hold that a court could use a § 3582(c)(2) proceeding to correct other errors that the defendant alleged occurred at the original sentence hearing.

AFFIRMED.