[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12735
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cr-00231-GKS-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEODORO GONZALEZ-MENDIOLA,
a.k.a. Tio,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 14, 2016)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Teodoro Gonzalez-Mendiola appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782 to the sentencing guidelines.  He contends that the district court erred when it denied his motion without considering the 18 U.S.C. § 3553(a) sentencing factors.

In 2011 Gonzalez-Mendiola pleaded guilty to one count of conspiracy to possess with the intent to distribute five kilograms or more of a mixture containing cocaine and 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (vii), and 846.  That offense carries a statutory minimum sentence of 10 years.  See 21 U.S.C. § 841(b)(1)(A).  At the sentence hearing, the district court calculated his base offense level at 34 based on the drug quantity table in U.S.S.G. § 2D1.1(a)(5), (c)(3) (2010), and after the application of several adjustments, it assigned him a total offense level of 33.  With his criminal history category of I, Gonzalez-Mendiola's advisory guidelines range was 135 to 168 months.  The district court sentenced him to 135 months.

After Gonzalez-Mendiola was sentenced, the government moved for a reduction in his sentence based on the substantial assistance he had provided to the government.  See 18 U.S.C. § 3553(e) ("Upon motion of the [g]overnment, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person. . ."); Fed. R. Crim. P.

2

35(b)(1) ("Upon the government's motion . . . the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."). The district court granted that motion and reduced his sentence to 100 months.

In 2015 Gonzalez-Mendiola filed a § 3582(c)(2) motion to reduce his sentence, arguing that Amendment 782, which retroactively amended § 2D1.1, had lowered his offense level to 31 and his advisory guidelines range to 108 to 135 months. He asserted that the court could reduce his sentence below that range because he had previously received a below-guidelines sentence based on substantial assistance. See U.S.S.G. § 1B1.10(b)(2)(B) ("If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range . . . pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate."). The government did not oppose Gonzalez-Mendiola's motion.

The district court denied the motion. It agreed that Amendment 782 had reduced Gonzalez-Mendiola's advisory guidelines range, but noted that his 100-month sentence already fell below that amended range. The court stated that it had already considered "all substantial assistance credit" and had determined that "no further comparable substantial assistance departure shall be applied."

3

On appeal Gonzalez-Mendiola contends that the district court erred when it denied his § 3582(c)(2) motion without considering the sentencing factors listed in 18 U.S.C. § 3553(a).  He also argues that the district court applied the "wrong legal standard" in deciding whether to reduce his sentence because it considered his previous sentence reduction instead of the § 3553(a) factors.

We review the district court's decision to reduce a sentence under 18 U.S.C. § 3582(c)(2) only for abuse of discretion.  United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009).  We have held that the district court "must engage in a two-part analysis" when making that decision.  United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).  First, the court must recalculate the defendant's sentence under the amended guidelines.  See id. at 780–81.  Second, it must decide whether and to what extent to reduce the defendant's sentence  — a decision that "should be made in light of the factors listed in 18 U.S.C. § 3553(a)."  Id. at 781; see also U.S.S.G. § 1B1.10 cmt. 1(B)(i).  "The district court is not required to articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court."  Williams, 557 F.3d at 1256 (quotation marks omitted).

As far as we can tell from the record, the district court performed the first part of this analysis.  However, the district court's order does not mention the § 3553(a) factors, and neither does Gonzalez-Mendiola's motion.  No in-person

hearing was held on the motion at which Gonzalez-Mendiola could have objected to the district court's failure to consider those factors. Without any indication that the district court weighed the § 3553(a) factors, we will vacate his sentence and remand so that we can be assured that the district court considers them. See Williams, 557 F.3d at 1257; United States v. Douglas, 576 F.3d 1216, 1220 (11th Cir. 2009) ("[I]f it is not possible to determine from the record whether the district court considered the § 3553(a) factors, we must vacate and remand the case to the district court."). We emphasize, however, that although the district court must consider the § 3553(a) factors on remand, "its decision whether to reduce [Gonzalez-Mendiola's] sentence, and to what extent, remains discretionary." Williams, 557 F.3d at 1257 (quotation marks omitted).

**VACATED AND REMANDED.**