[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14238
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00263-GKS-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MANUEL PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 29, 2016)

Before HULL, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Carlos Manuel Perez appeals the district court's order granting his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Perez requested a reduction to 64 months' imprisonment, but the district court reduced his sentence to 76 months' imprisonment instead. On appeal, Perez argues that the district court failed to consider the 18 U.S.C. § 3553(a) factors before reducing his sentence. Because it is unclear from the record whether the district court considered the § 3553(a) factors when resentencing Perez, we vacate his sentence and remand for further proceedings consistent with this opinion.

Section 3582(c)(2) grants a district court discretion to reduce the term of imprisonment of an incarcerated defendant if the defendant was sentenced based on a guidelines range that the Sentencing Commission subsequently lowered. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). This authority is limited to those amendments listed in § 1B1.10(d) of the Sentencing Guidelines. Under Amendment 782, which is included in that list, the district court had discretion to reduce Perez's sentence.

A district court considering a motion for such a reduction must engage in a two-part analysis. *Id.* "Initially, the court must recalculate the sentence under the

2

amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *Id.* "The next step is for the court to decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." *Id.* at 781.

In deciding whether to impose an amended sentence, the district court must consider the § 3553(a) factors[1] but "is not required to articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (internal quotation marks omitted). If, however, "it is not possible to determine from the record whether the district court considered the § 3553(a) factors, we must vacate and remand the case to the district court." *United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009). Notably, a defendant is entitled to challenge a district court's failure to consider the § 3553(a) factors regardless of whether the court denied or granted a sentence reduction. *See*

---

[1] The § 3553(a) factors that a district court must consider in ruling on a defendant's § 3582(c)(2) motion to reduce his sentence include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as reflect the seriousness of the offense, afford adequate deterrence, and protect the public; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims. *United States v. Vautier*, 144 F.3d 756, 762 n.7 (11th Cir. 1998); 18 U.S.C. § 3553(a).

*Williams*, 557 F.3d at 1257.  "We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *Id.* at 1256 (internal quotation marks omitted).

Nothing in the record indicates that the district court considered the § 3553(a) factors in reducing Perez's sentence.  The record establishes that Amendment 782 caused Perez's guidelines range to drop from 120 to 135 months down to 87 to 108 months.  Because the district court did not hold a hearing on Perez's resentencing, the only thing in the record describing the court's reasoning is its order granting the sentence reduction.  And although the order reduced Perez's sentence, it did so "summarily" and "without discussing the § 3553(a) factors." *Id.* at 1257.  This is not to say the district court must hold a hearing but the district court in some way has to demonstrate that the court considered the § 3553(a) factors.

The order does, admittedly, reference Perez's prior motions concerning his eligibility for a sentence reduction, as well as a memorandum from the United States Probation Office suggesting that Perez was eligible for a sentence reduction.  But none of these filings discusses or even mentions the § 3553(a) factors.  Thus, they cannot demonstrate that the district court properly considered the § 3553(a) factors in making its reduction determination.  *See Douglas*, 576 F.3d at 1220

4

(concluding that the district court's consideration of a defendant's motion, which cited to § 3553(a), did not demonstrate that the court considered the § 3553(a) factors because the motion did not "set forth the § 3553(a) factors").

Because the record as a whole does not show that the district court considered the § 3553(a) factors, we vacate Perez's sentence and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**