[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14770
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00073-JRH-BKE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY MICKLEONARD MCGEE,

Defendant-Appellant.

_____

No. 15-14771
Non-Argument Calendar

_____

D.C. Docket No.  1:09-cr-00035-JRH-BKE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY MICKLEONARD MCGEE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Georgia
_____

(July 6, 2016)

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

In 2011 Henry McGee pleaded guilty to distribution of over five grams of cocaine base, possession of a firearm by a prohibited person, and being in possession of a stolen firearm. Pursuant to the grouping rules in U.S.S.G. § 3D1.1, the presentence investigation report (PSI) separated the offenses into groups: the drug offense in one group and the firearm offenses in another. For the drug offense, the PSI calculated an adjusted offense level of 26, under U.S.S.G. § 2D1.1(c)(7) (2011), because McGee was responsible for 69.84 grams of cocaine base. The PSI set an adjusted offense level of 32 for the firearm offenses.

Because the adjusted offense levels for McGee's drug and firearm offenses were within five to eight levels of each other, U.S.S.G. § 3D1.4 required the PSI to select the higher offense level (32) and add one level, yielding a total offense level of 33. With his criminal history category of II, McGee's resulting advisory

2

guidelines range was 151 to 188 months imprisonment.  The district court adopted the PSI's guideline calculations and sentenced McGee to 168 months imprisonment.

In 2014 McGee filed pro se a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence, contending that Amendment 782, which retroactively amended § 2D1.1, lowered his offense level.  The district court concluded that he was not eligible for a sentence reduction and denied his motion.  McGee appeals that denial.

We review de novo the district court's legal conclusions about its authority to reduce a sentence under § 3582(c)(2).  United States v. Douglas, 576 F.3d 1216, 1218 n.1 (11th Cir. 2009).  A district court is authorized to reduce a defendant's sentence where that defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), but not "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based," United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008).

McGee is correct that Amendment 782 reduced the base offense level for his drug offense from 26 to 24.  See U.S.S.G. § 2D1.1(c)(8) (2015); id., App. C, Amend. 782 (2014).  But the amended offense level of 24 for his drug offense is

3

still within eight levels of the offense level for his firearm convictions (32) so under § 3D1.4, his combined offense level remains 33, and his guidelines range is unchanged.  The district court correctly determined that it was not permitted to reduce his sentence based on Amendment 782.  See Moore, 541 F.3d at 1330.

McGee also challenges a number of enhancements used in computing the offense level for his firearm offenses.  The district court was not authorized to consider any of those challenges because "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."  See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis omitted).  Neither Amendment 782 nor any other amendment to the guidelines altered the computation of the offense level for McGee's firearm offenses.  The district court did not err in denying McGee's § 3582(c)(2) motion to reduce his sentence.

**AFFIRMED.**