[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14700
Non-Argument Calendar
_____

D.C. Docket No. 0:07-cr-60038-JAL-1


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

EDWARD EASTON,

                                        Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 14, 2018)

Before JORDAN, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Edward Easton appeals the district court's order denying his *pro se* motion for termination of his life term of supervised release under 18 U.S.C. § 3583(e). After careful review, we affirm.

# I

In May of 2007, Mr. Easton pled guilty to receiving and attempting to receive material containing child pornography in violation of 18 U.S.C. § 2252A(a)(2), and to possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5).   Each offense carried a statutory minimum five-year term of supervised release. *See* 18 U.S.C. § 3583(k).  Mr. Easton was sentenced to 97 months' imprisonment on each count, to run concurrently, followed by a life term of supervised release.  In addition, the district court imposed special conditions on Mr. Easton's supervised release, including a prohibition on unsupervised contact with minors and a requirement that he participate in a sex offender treatment program.  In December of 2014, Mr. Easton was released from custody and began serving his life term of supervised release.

In June of 2016, Mr. Easton filed a *pro se* motion for early termination of supervised release under § 3583(e).  He urged the court to grant his motion in light of—among other things—his age (75 years), his ongoing medical issues including high blood pressure, the low likelihood that he would reoffend, and his purported

2

compliance with the requests of his probation officer.  Mr. Easton also filed an addendum to his motion arguing that he had no need for the sex offender treatment that was required as part of his sentence.

In response to Mr. Easton's motion, the government argued that his sentence had been "sound and properly based on statutory sentencing factors reflected in 18 U.S.C. §3553(a)," and that Mr. Easton's motion had failed to "show significant unforeseeable changes pertinent to those sentencing factors." D.E. 71 at 1.  The government attached to its response a letter from Mr. Easton's probation officer indicating that he was not a good candidate for early termination.  The government also attached a letter from Mr. Easton's sex offender treatment facility stating that he had been dismissed from the treatment program for disruptive behavior and had demonstrated a lack of remorse for his offense.  Mr. Easton filed a rebuttal to the government's response, challenging the credibility of these letters and reiterating his argument that his situation warranted early termination of supervised release.

On October 4, 2017, the district court denied Mr. Easton's motion, stating that "[a]fter considering the factors under title18 § 3553(a), the Court finds that termination is not warranted and is not in the interest of justice." D.E. 75.

On appeal from the denial of his motion, Mr. Easton argues that the district court abused its discretion by failing to explain its decision, erred by failing to

3

appoint him counsel *sua sponte*, and erred by failing to hold a hearing to consider his motion.

## II

We review the denial of a motion for early termination of supervised release for an abuse of discretion. *See United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017). A district court abuses its discretion where it fails to apply the proper legal standard or to follow proper procedures in making its determination. *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006).

## A

Federal law authorizes a court to terminate a term of supervised release if the court determines that early termination is warranted by the defendant's conduct and is in the interest of justice, after considering several of the statutory sentencing factors set forth in § 3553(a). *See* 18 U.S.C. § 3583(e)(1).  These factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, for public protection, and for correctional treatment for the defendant; the advisory guidelines range; the U.S. Sentencing Commission's policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4), (a)(5), (a)(7), and (a)(7).

Mr. Easton contends that the district court abused its discretion by failing to adequately explain its reasoning in denying his motion.  Generally, a district court must explain its sentencing decision in order to allow for meaningful appellate review. *See Gall v. United States*, 552 U.S. 38, 50 (2007).  Where a district court fails to explain its denial of a § 3583(e) motion, it abuses its discretion. *See Johnson*, 877 F.3d at 997.  An order denying a § 3583(e) motion must therefore show, in light of the record, "that the [district] court considered the factors enumerated in the provision." *Id.* at 998.  The district court, however, "need not explain each factor's applicability, nor always explicitly articulate that it considered the factors." *Id*. at 999.

Here, although the order denying Mr. Easton's motion was brief, it expressly stated that the district court had considered the relevant § 3553(a) factors in making that decision.  Moreover, the record provides additional indications that the district court weighed the appropriate factors.  Although Mr. Easton's motion and other filings did not cite § 3553(a) by name, they presented arguments bearing directly on several § 3553(a) factors: the need for deterrence and the likelihood that he will reoffend, the need for his participation in a correctional sex offender treatment program, and characteristics including his age, health, background, and conduct during his first year of supervised release.

The government's response to Mr. Easton's motion expressly discussed the § 3553(a) factors. The government indicated to the district court that it should consider the § 3553(a) factors in ruling on the motion, and specifically stressed two of the factors, deterrence and public protection, as reasons for denying the motion. Likewise, the letters from Mr. Easton's probation officer and sex offender treatment facility also discussed issues relevant to the § 3553(a) factors, namely public protection and Mr. Easton's history and characteristics. Specifically, the letters describe Mr. Easton's apparent lack of remorse, his apparent dishonesty in conversations with his probation officer, his disruptive behavior at his treatment program, and his suitability for early termination.

Also important is the fact that Mr. Easton requested outright termination of his life term of supervised release, less than two years into that term. He did not seek a modification of some of the conditions of release. On this record, we disagree with Mr. Easton that the district court failed to adequately explain its denial of his motion.

**B**

Mr. Easton also argues that the district court abused its discretion by failing to appoint him counsel *sua sponte*. We ordinarily review a district court's decision not to appoint counsel for abuse of discretion. *See United States v. Berger*, 375

F.3d 1223, 1226 (11th Cir. 2004).  But because Mr. Easton did not raise this issue before the district court, we review it only for plain error. *See United States v. Vandegrift*, 754 F.3d 1303, 1307 (11th Cir. 2004).  To prevail under plain-error review, Mr. Easton must show that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. *Id*.

Counsel is generally appointed as a matter of right for indigent criminal defendants, including scenarios where the defendant faces a loss of liberty or faces an extension or revocation of a term of supervised release. *See* 18 U.S.C. § 3006A(a)(1)(E).  Here, however, Mr. Easton was not facing an extension or revocation of his term of supervised release.  And although we have not specifically addressed whether there is a mandatory right to counsel in litigating a § 3583(e) motion, we have held that, in the similar context of a § 3582(c) motion to modify a term of imprisonment, there is no mandatory right to counsel under § 3006A or the Sixth Amendment. *See United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009).  Therefore, although we granted Mr. Easton's motion for appointment of counsel on appeal, we find no plain error in the district court's failing to appoint him counsel *sua sponte*.

7

## C

Finally, Mr. Easton argues that the court abused its discretion by failing to hold an evidentiary hearing to consider his motion.  Again, because Mr. Easton did not raise this argument before the district court, we review this issue for plain error. *See Vandegrift*, 754 F.3d at 1307.  Mr. Easton concedes that the district court was not required to hold a hearing under either 18 U.S.C. § 3583(e) or the Federal Rules of Criminal Procedure.  He nevertheless argues that the court should have held a hearing in its discretion, and erred in failing to do so. We disagree.

We have explained that, in the context of § 3582(c)(2) motions to reduce a sentence when the Sentencing Commission subsequently lowers the relevant guideline range, a district court need not "always wait for a government response or hold a hearing before ruling [the] motion" so long as the record reflects that it considered the statutory sentencing factors. *See United States v. Douglas*, 576 F.3d 1216, 1220 (11th Cir. 2009).  In *Douglas*, we vacated the district court's order denying the defendant's § 3582(c)(2) motion not only because the district court had not held a hearing, but also because the government had not responded to the motion and the record did not reflect that the parties had presented arguments about the relevant sentencing factors. *Id.*

8

Here, in contrast, the record indicates that the district court did consider the relevant 3553(a) factors in ruling on Mr. Easton's motion.  As explained above, both Mr. Easton's filings and the government's response made arguments bearing directly on the 3553(a) factors, and in some instances invoked the factors explicitly.  We are therefore not persuaded that the district court committed error, much less plain error, in failing to hold a hearing on Mr. Easton's motion.

### III

For the foregoing reasons, we affirm.

**AFFIRMED.**