[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15104
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20264-JLK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUNIOR SYLVIN,
a.k.a. "Rah Rah",

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 27, 2020)

Before BRANCH, FAY and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Junior Sylvin, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. Sylvin argues that, in granting a previous § 3582(c)(2) motion based on Amendment 782, the district court violated the Sentencing Reform Act and the Equal Protection Clause when it did not reduce his sentence below the amended guideline range in accordance with his original downward variance.

"We review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines in a § 3582(c)(2) proceeding." *United States v. Anderson*, 772 F.3d 662, 666 (11th Cir. 2014) (quoting *United States v. Douglas*, 576 F.3d 1216, 1218 n. 1 (11th Cir. 2009)). A district court has discretion to reduce an imprisonment term if a defendant's sentence is based on a sentencing range that was later lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). When calculating a new guideline range based on a retroactive amendment, the court may substitute only the amendment and must leave all other guideline application decisions unaffected. *Dillon v. United States*, 560 U.S. 817, 821, 130 S. Ct. 2683, 2688 (2010).

A court may not reduce a defendant's sentence if the retroactive amendment would not actually lower his guideline range. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)); *United States v. Jones*, 548 F.3d 1366, 1368-69 (11th Cir. 2008).

2

"[B]ecause § 3582(c)(2) only authorizes the reduction of sentences that are based on a sentencing range that has subsequently been lowered, if a defendant receives a sentence modification under § 3582(c)(2)," the district court is unable to grant a subsequent reduction based on the same amendment to the Guidelines because "the modified sentence is no longer based on the outdated guideline range." *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1240 (11th Cir. 2017).

In this case, the district court correctly concluded that it did not have the power to reduce Sylvin's sentence because it had granted Sylvin's previous § 3582 motion based on Amendment 782. Thus, that amendment did not affect his guideline range in the instant proceeding because his sentence was no longer based on the outdated guideline range. Accordingly, for the aforementioned reasons, we affirm the district court's order denying Sylvin's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

**AFFIRMED.**