[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 15-11836
Non-Argument Calendar

————————————————

D.C. Docket No. 0:05-cr-60160-KAM-10

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS RIVERS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(November 23, 2015)

Before MARCUS, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Marcus Rivers, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Rivers is currently serving a 180-month sentence for a cocaine trafficking conspiracy and seeks a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines.

At his original sentence hearing, the district court varied Rivers's sentence downward from the guideline range of 210 to 262 months, which was based on a cocaine quantity of 43.81 kilograms. The court instead imposed a sentence of 180-months imprisonment upon consideration of the 18 U.S.C. § 3553(a) sentencing factors. While acknowledging the seriousness of Rivers's offense, the court noted that he did not have an extensive criminal history and recognized the need to avoid an unwarranted sentencing disparity with one of Rivers's codefendants. The court weighed these considerations against the "need to impose a long incarcerative sentence for a crime of this kind" to reflect the offense's seriousness, promote respect for the law, afford just punishment, adequately deter future criminal conduct, and protect the public.

Rivers filed this § 3582(c)(2) motion after the adoption of Amendment 782 to the Sentencing Guidelines.[1] The district court denied his motion. In doing so,

---

[1] Amendment 782 revised the Drug Quantity Table in § 2D1.1(c) by decreasing the base offense level from 34 to 32 where the amount of cocaine involved was at least 15 kilograms but less than 50 kilograms. USSG App. C, Amend. 782. Amendment 782 became effective on

2

the court noted it had "considered [Rivers's] motion, and tak[en] into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they [were] applicable."  The court further stated that "[a]lthough [Rivers] is eligible for a reduction, the Court, after considering all of the § 3553 factors, is exercising its discretion and chooses not to reduce [his] sentence."

Rivers argues on appeal that the district court abused its discretion by denying his § 3582(c)(2) motion.  He contends that he deserves a sentence reduction under the § 3553(a) factors based on his offense conduct, personal characteristics, and post-sentencing rehabilitative efforts.  He also argues that the court's "mere reference" to the § 3553(a) factors insufficiently considered the statutory criteria and was error as a matter of law.  Finally, he asserts that the court erred by not explicitly stating his amended guideline range in its order before deciding his § 3582(c)(2) claim, as he claims is required by United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).

We review for abuse of discretion a district court's decision to grant or deny a § 3582(c)(2) sentence reduction.  United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008) (per curiam).  A district court's authority to modify an

November 1, 2014, and was made retroactive by Amendment 788 on the same date.  USSG App. C, Amends. 782 & 788; USSG § 1B1.10(d).

3

imprisonment sentence is narrowly limited by statute. United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010). But a district court may modify a defendant's term of imprisonment where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

A district court must perform a two-step analysis when deciding whether to grant a sentence reduction under § 3582(c)(2). Bravo, 203 F.3d at 780. First, the court must substitute the amended guideline range for the originally applied guideline range to determine what sentence it would have imposed, holding constant all other guideline findings from the original sentence hearing. Id. Second, the court must decide, in its discretion, whether and to what extent to reduce the defendant's sentence. Id. at 781. In exercising that discretion, the court must consider the § 3553(a) factors.[2] Id.; USSG § 1B1.10 cmt. n.1(B)(i). The court must also consider public safety and may choose to consider the defendant's post-sentencing conduct. United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009) (per curiam); USSG § 1B1.10, cmt. n.1(B)(ii)–(iii).

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the offense's seriousness; (3) the need to afford adequate deterrence to the criminal conduct; (4) the need to protect the public from further crimes by the defendant; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the advisory guideline range; (8) the pertinent U.S. Sentencing Commission policy statements; (9) the need to avoid unwarranted sentencing disparities among defendants found guilty of similar conduct; and (10) the need to provide victims with restitution. 18 U.S.C. § 3553(a).

4

While the district court is required to perform this two-step analysis, the ultimate decision about whether to reduce a defendant's sentence lies within the court's discretion. Williams, 557 F.3d at 1257. We will vacate and remand "if it is not possible to determine from the record whether the district court considered the § 3553(a) factors." United States v. Douglas, 576 F.3d 1216, 1219 (11th Cir. 2009) (per curiam). A district court need not "articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997). We will deem a district court's order sufficient where the court demonstrates that it reviewed the § 3582(c)(2) motion, the government's response, and the record, and those documents in turn discussed the specific elements necessary to the § 3553(a) inquiry. See id. at 1322–23.

The district court did not abuse its discretion by denying Rivers's § 3582(c)(2) motion. The court correctly determined that Rivers was "eligible for a [sentence] reduction" under Amendment 782, as required under the first step of the sentence-reduction analysis. See Bravo, 203 F.3d at 780. Though the court did not explicitly state his amended sentencing range resulting from Amendment 782, the revised range of 168–210 months was contained in the government's response

to Rivers's § 3582(c)(2) motion, which the court considered in making its sentence decision.  See Eggersdorf, 126 F.3d at 1322–23.

The district court also made clear that it had "consider[ed] all of the § 3553 factors" as required by the second step of the sentence-reduction inquiry.  See Bravo, 203 F.3d at 781.  Both parties thoroughly briefed the specific elements necessary to the court's § 3553(a) inquiry, and the court demonstrated that it considered these arguments before exercising its discretion to not reduce Rivers's sentence.  See Eggersdorf, 126 F.3d at 1322–23.  Upon review of the entire record and after consideration of the parties' briefs, we affirm.

**AFFIRMED.**