[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10409
Non-Argument Calendar

_____

D.C. Docket No. 0:10-cr-60077-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY BAPTISTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 6, 2017)

Before HULL, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Gary Baptiste appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines.  On appeal, Baptiste and the government agree that the

district court erred by failing to provide a sufficient explanation for the denial of Baptiste's motion since it is not clear that it followed the two-step process for ruling on § 3582(c)(2) motions outlined in Dillon v. United States, 560 U.S. 817, 826 (2010).  After careful review, we vacate and remand.

Under § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"   18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). However, the grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are narrow.  United States v. Berry, 701 F.3d 374, 376 (11th Cir. 2012).  For a defendant to be eligible for such a reduction, the Sentencing Commission must have amended the guideline at issue, that amendment must have lowered the defendant's sentencing range, and the amendment must also be listed in U.S.S.G. § 1B1.10(d).   See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & comment. (n.1(A)).  Amendment 782 may serve, when applicable, as the basis for a sentence reduction.  See U.S.S.G. § 1B1.10(d).  Amendment 782, which became effective November 1, 2014, provides a two-level reduction in base offense levels for most drug quantities listed in § 2D1.1(c).  U.S.S.G. App. C, amend. 782.

A district court must engage in a two-step analysis when considering a motion for a sentence reduction under § 3582(c)(2). Dillon, 560 U.S. at 826; see also United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must calculate the offender's amended guideline range. Bravo, 203 F.3d at 780. Second, the court must determine, in its discretion, whether to reduce the defendant's sentence and, if so, to what extent. Id. at 781. In exercising that discretion, the court must consider the 18 U.S.C. § 3553(a) factors. Id.; U.S.S.G. § 1B1.10, comment. (n.1(B)(i)). These factors include, among other things: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; (4) the need for adequate deterrence; (5) the need to protect the public from further crimes; (6) the guideline range; and (7) any pertinent policy statement from the Sentencing Commission. 18 U.S.C. § 3553(a)(1), (a)(2), (a)(4)(A), (a)(5). The court also must consider the nature and seriousness of any danger a reduction would pose to persons or to the community and the court may consider a defendant's post-sentencing conduct. United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009); U.S.S.G. § 1B1.10, comment. (n.1(B)((ii)-(iii)).

A district court need not "articulate specifically the applicability -- if any -- of each of the section 3553(a) factors, as long as the record demonstrates that the

3

pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997). In Eggersdorf, we deemed sufficient the district court's order in which it stated that it had reviewed the § 3582(c)(2) motion, the government's response, the record, and was "otherwise duly advised." Id. at 1322 23. We further noted that the § 3582(c)(2) motion and response had discussed specific elements that were relevant to the § 3553(a) factors, and stressed that the sentencing and § 3582(c)(2) judge was the same. Id.

Conversely, in United States v. Douglas, we concluded that a form § 3582(c)(2) order that indicated consideration of the defendant's motion was not sufficient to show that the court had considered the § 3553(a) factors when denying the motion. 576 F.3d 1216, 1219-20 (11th Cir. 2009). And in Williams, we vacated and remanded where the record was silent as to whether the district court considered the § 3553(a) factors. 557 F.3d at 1257.

The record before us indicates that the district court erred by failing to follow the two-step sentence-reduction process. See Bravo, 203 F.3d at 781. The district court's brief order said, in full: "THIS CAUSE came before the Court upon defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) . . . and the Court being fully advised in the premises, it is ORDERED and ADJUDGED that said motion is DENIED." This statement, however, was not sufficient to satisfy its obligation under Dillon and Bravo to follow the two-step

4

process.  See Douglas, 576 F.3d at 1219-20.  As the government concedes, Amendment 782 reduced Baptiste's guideline range; as a result, the district court's orders issued in the absence of any response from the government do not reveal whether the district court incorrectly concluded that Baptiste was ineligible for a sentence reduction, or whether it simply found, in its discretion, that Baptiste should not receive a reduction.

In short, because the district court did not specify any reason or indication for denying Baptiste's motion for a sentence reduction, we are unable to evaluate the merits of the order on appeal.  See Douglas, 576 F.3d at 1220; Williams, 557 F.3d at 1257.  Accordingly, we VACATE the district court's order and REMAND so that the district court can follow the two-step process, evaluate Baptiste's motion, and provide any necessary and appropriate explanation for denying or granting the motion.  See Williams, 557 F.3d at 1257 ("[T]he district court was required to consider the § 3553(a) factors in making its reduction determination and [we] observe that the record does not allow us to further conclude that the district court did so on this occasion.").

**VACATED AND REMANDED.**