[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15313
Non-Argument Calendar

_____

D.C. Docket No. 0:92-cr-06138-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELVIN IRIZZARY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 19, 2019)

Before MARCUS, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Elvin Irizzary, a federal prisoner proceeding pro se, appeals the denial of his

18 U.S.C. § 3582(c)(2) motion, pursuant to Amendment 591 to the Sentencing

Guidelines, for reduction in his total life sentence for Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; conspiracy to kidnap and hold for ransom, in violation of 18 U.S.C. § 1201; use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The district court summarily denied Irizzary's motion.  On appeal, Irizzary argues that the district court erred in concluding that he was ineligible for § 3582(c)(2) relief because he argues that the sentencing court's procedure for calculating his sentence guidelines was inconsistent with Amendment 591, and because the district court did not give a reason for its decision.  After thorough review, we affirm.

We review a denial of a motion to reduce a sentence, pursuant to 18 U.S.C. § 3582(c)(2), for abuse of discretion.  United States v. Vautier, 144 F.3d 756, 759 n.3 (11th Cir. 1998).  We need not address an issue that an appellant raises for the first time in a reply brief.  United States v. Whitesell, 314 F.3d 1251, 1256 (11th Cir. 2002).

Under 18 U.S.C. § 3582(c)(2), the district court has discretion to reduce a defendant's sentence "when that defendant was sentenced based on a sentencing range that was subsequently lowered" by the guidelines.  United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).  Where "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently

2

been lowered as a result of an amendment to the Guidelines Manual . . . [a] reduction in the defendant's term of imprisonment" is authorized under 18 U.S.C. § 3582(c)(2).  U.S.S.G. § 1B1.10(a).  Amendment 591 is listed as an amendment covered by the policy statement.  U.S.S.G. § 1B1.10(d).  The Sentencing Commission made Amendment 591 retroactively applicable, effective as of November 1, 2000.  See U.S.S.G., app. C, amend. 607.

We've explained that "Amendment 591 requires that the initial selection of the offense guideline be based only on the statute or offense of conviction rather than on judicial findings of actual conduct not made by the jury."  United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005).  We clarified that there are two steps in arriving at an offense level: (1) the selection of the offense guideline and (2) the selection of the base offense level.  Id. at 1220.  Amendment 591 speaks to the first step -- selecting the offense guideline -- rather than the second stop of assigning a base offense level.  Id.  Amendment 591 directs the district court to refer to the Statutory Index for the offense of conviction to determine the offense guideline.  U.S.S.G., app. C, amend. 591.  "In short, Amendment 591 directs the district court to apply the guideline dictated by the statute of conviction, but does not constrain the use of judicially found facts to select a base offense level within the relevant guideline."  Moreno, 421 F.3d at 1219-20.

We have held that the district court must consider the 18 U.S.C. § 3553(a) factors when it resentences a defendant within an amended guidelines range. United States v. Douglas, 576 F.3d 1216, 1219 (11th Cir. 2009). In cases where it is not possible to know from the record whether a district court considered these factors, we must vacate and remand to the district court. Id.

Here, the district court did not abuse its discretion in denying Irizzary's § 3582 motion. As the record reflects, the sentencing court complied with Amendment 591 by selecting the offense guideline in Chapter Two that was applicable to each offense of conviction, and then calculating the base offense level within that guideline. See Moreno, 421 F. 3d at 1220. The Statutory Index indicates that the offense guidelines for Irizary's robbery and conspiracy to kidnap convictions are § 2B3.1 and § 2X1.1, respectively. Section 2X1.1(a) directs that § 2A4.1 -- the offense guideline for substantive kidnapping -- be used, and § U.S.S.G. § 2A4.1(b)(7)(A) directs the court to increase the offense guideline to the Chapter Two offense guideline for any other offense, if that guideline includes an adjustment for kidnapping, which § 2B3.1 does. See U.S.S.G. § 2B3.1(b)(4)(A). This means that the district court correctly used § 2B3.1 as the offense guideline. See U.S.S.G., app. C, amend. 591.

Moreover, Amendment 591 does not constrain the use of judicially found facts to select a base offense level within the relevant guideline. See Moreno, 421 F. 3d at 1219-20. Thus, Amendment 591 had no impact on Irizzary's sentence, and

4

the district court did not abuse its discretion in denying his § 3582 motion.  And because the district court denied his motion, and did not resentence him, it did not err in summarily denying his motion.  The district court is only required to consider the § 3553(a) factors when it sentences or resentences a defendant.  See Douglas, 576 F.3d at 1219.  As for Irizzary's argument that his sentence violated the Ex Post Facto clause of the U.S. Constitution, we will not consider it because he raises it for the first time in his reply brief.  Whitesell, 314 F.3d at 1256.

In short, the district court did not err in denying Irizzary's § 3582(c)(2) motion, and we affirm.

**AFFIRMED**.