[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12684
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20565-KMW-5


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL J. CALASH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 26, 2020)

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Michael Calash appeals his 17-month sentence imposed upon revocation of his term of supervised release. Calash argues that his sentence is procedurally and substantively unreasonable because the district court failed to calculate and consider the Sentencing Guidelines, consider the 18 U.S.C. § 3553(a) factors, and explain its above-Guidelines sentence. We hold that Calash's sentence is procedurally unreasonable and therefore vacate and remand to the district court for further review, without reaching Calash's substantive-reasonableness argument.

**I**

While we ordinarily "review [a] sentence imposed . . . upon the revocation of supervised release for reasonableness," we review a defendant's claim that his sentence is procedurally unreasonable for plain error if it was not properly raised in the district court. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (internal quotation marks and citation omitted); *see also United States v. Zinn*, 321 F.3d 1084, 1088 (11th Cir. 2003) ("[I]f a defendant fails to *clearly* articulate a specific objection during sentencing, the objection is waived on appeal and we confine our review to plain error."). Calash acknowledges that his claim must be reviewed for plain error. When the district court asked whether the parties had any objections to its "findings of fact or the manner in which [the] sentence was pronounced," Calash's counsel simply stated, "Yes, Your Honor."

2

Plain-error review requires a showing "(1) that the district court erred; (2) that the error was plain; and (3) that the error affected [the defendant's] substantial rights." *Vandergrift*, 754 F.3d at 1307 (alteration adopted) (internal quotation marks and citation omitted).  Once these three conditions are satisfied, we will consider a fourth factor: "whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alterations adopted) (internal quotation marks and citation omitted).  An error affects a defendant's substantial rights if there is "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks and citation omitted).  Additionally, "a plain Guidelines error that affects substantial rights . . . ordinarily will satisfy [the] fourth prong" of the plain-error test.  *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905–06, 1908 (2018) (considering error involving incorrect Guidelines calculation).

## II

### A

In determining whether a sentence is procedurally reasonable, we must "ensure that the district court committed no significant procedural error" at sentencing, "such as failing to calculate . . . the Guidelines range, . . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain [its] sentence."

3

*Gall v. United States*, 552 U.S. 38, 51 (2007).  Even though the Guidelines are discretionary, "the court 'must consult those Guidelines and take them into account when sentencing.'"  *Molina-Martinez*, 136 S. Ct. at 1342 (quoting *United States v. Booker*, 543 U.S. 220, 264 (2005)); *see also United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005) ("[T]he requirement of consultation [of the Sentencing Guidelines] itself is inescapable.").  The court need not explicitly state that it considered all § 3553(a) factors or discuss each factor.  *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).  Rather, the record need only "demonstrate[] that the pertinent factors were taken into" consideration by the court.  *United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009) (internal quotation marks and citation omitted).  Should the court, after considering the § 3553(a) factors, elect to impose a sentence outside the applicable Guidelines range, it "must adequately explain [its] chosen sentence."  *Gall*, 552 U.S. at 49–50.

If a defendant violates a condition of his release, the district court may revoke supervised release and impose a term of imprisonment.  18 U.S.C. § 3583(e)(3).  The Guidelines range for a "sentence[] imposed upon revocation of supervised release . . . is based on the classification of the conduct that resulted in the revocation and the criminal history category applicable at the time the defendant originally was sentenced to the term of supervision."  *United States v. Campbell*, 473 F.3d 1345, 1348–49 (11th Cir. 2007).  When determining whether

4

to revoke a term of supervised release and impose a sentence, § 3583(e) mandates that the district court consider the following factors set forth in § 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant;" the Guidelines "sentencing range"; "any pertinent policy statement[s]"; "the need to avoid unwarranted sentence disparities"; and "the need to provide restitution to any victims." 18 U.S.C. §§ 3553(a)(1), (4)–(7), 3583(e)(3). The district court must also "impose a sentence sufficient, but not greater than necessary, to": "afford adequate deterrence to criminal conduct;" "protect the public from further crimes of the defendant;" and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* §§ 3553(a)(2)(B)–(D), 3583(e)(3).

## B

The government acknowledges—and Calash does not dispute—that the Guidelines range for Calash's sentence is 5–11 months, based on Calash's criminal-history category at the original sentencing and the violations of his supervised release. *See* U.S. Sentencing Guidelines Manual § 7B1.4(a). The record before us demonstrates that the district court considered at least some of the § 3553(a) factors before imposing Calash's 17-month sentence, even though it did not expressly identify the factors by name or mention § 3353(a). For example, it

5

considered "the nature and circumstances of the offense" by hearing Calash's probation officer testify and determining that Calash violated the conditions of his supervised release. *See* 18 U.S.C. § 3553(a)(1).  It also considered Calash's "history and characteristics" by discussing Calash's mental health, substance abuse, and prior failure to comply with its orders. *Id.*  Finally, the court considered the need of the sentence "to afford adequate deterrence" and "to protect the public from further crimes" when it noted that Calash had continued to violate the law and the conditions of his release and that he "put others in harm's way." *Id.* § 3553(a)(2)(B)–(C).

But the district court plainly erred in failing to establish on the record that it correctly calculated and considered the Guidelines range and in failing to explain its imposition of an above-Guidelines sentence.  In *Campbell*, we considered a defendant's claim that the district court failed to consult the Guidelines or consider the Guidelines range in imposing a sentence upon revocation of supervised release. 473 F.3d at 1348.  We stated that there must be "some indication that the district court was aware of and considered the Guidelines, which requires the court to consider the sentencing range established under the Guidelines." *Id.* at 1349 (emphasis omitted) (internal quotation marks and citations omitted).  But at the revocation hearing, the district court did not explicitly mention the Guidelines range, use the term "Guidelines," or state the classification of the defendant's

violation. *Id.* We vacated the defendant's sentence and remanded, declining to address whether the sentence was reasonable because we could not determine whether the district court had correctly calculated the Guidelines range. *Id.*

Here, as in *Campbell*, neither the district court nor the parties discussed the Guidelines range, used the term "Guidelines," or described the classification of Calash's violations or his criminal-history category. The district court's statement that it had considered "the information in the violation report" is insufficient to show that it consulted the Guidelines. As an initial matter, it is unclear whether the court was referring to the probation officer's petition for a warrant for Calash (which did not include a Guidelines range) or the probation officer's report and recommendation (which did). Even if the court meant to reference the report and recommendation, that reference alone is inadequate because there is no other indication in the record that the district court calculated and considered the Guidelines range. In *Campbell*, even though both defense counsel and the government briefly mentioned the Guidelines range, we still vacated and remanded because "the district court *itself* never made any on-the-record conclusion regarding the Guidelines or the applicable sentencing range." *Id.* at 1349 n.2.

Further, the district court gave Calash an above-Guidelines sentence without acknowledging or explaining that it was doing so. The Supreme Court has stated that "failing to adequately explain the chosen sentence—including an explanation

7

for any deviation from the Guidelines range"—constitutes "significant procedural error." *Gall*, 552 U.S. at 51.  If a district court "decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50.

The conditions of plain-error review are met here.  The district court erred and that error is plain, *i.e.*, "clear or obvious."  *See Molina-Martinez*, 136 S. Ct. at 1343.  Because the court imposed a sentence above the Guidelines range without indicating that it knew the sentence was an upward variance, there is a reasonable probability that it would have imposed a lower sentence had it calculated and considered the Guidelines range; the error thus "affected [Calash's] substantial rights." *See id.* at 1343, 1349.  Additionally, the error "seriously affects the fairness, integrity or public reputation of judicial proceedings," *id.* at 1343 (quotation omitted), because it risks an unnecessary deprivation of liberty and "affect[ed] [Calash's] substantial rights," *see Rosales-Mireles*, 138 S. Ct. at 1908.  Accordingly, we vacate Calash's sentence and remand without reaching his substantive-reasonableness argument.

## III

In conclusion, Calash's sentence is procedurally unreasonable because the record does not show that the district court consulted or considered the Guidelines

8

range for his sentence; moreover, the court did not acknowledge that it was imposing an above-Guidelines sentence.  This was plain error.  We vacate Calash's sentence and remand to the district court for resentencing.

**VACATED AND REMANDED.**