[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11965

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANIEL WERT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:97-cr-00001-CEM-DCI-13

_____

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Daniel Wert, a *pro se* federal prisoner serving a life sentence, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). After review of the parties' briefs and the record, we conclude that the district court abused its discretion in denying Mr. Wert's motion. The district court denied the motion primarily based on the 18 U.S.C. § 3553(a) factors "considered" by the sentencing judge without any further explanation. But we cannot engage in meaningful appellate review of the district court's decision because the original sentencing hearing is not available, and the record does not demonstrate what § 3553(a) factors the sentencing judge considered or what findings she made. We therefore vacate and remand for further proceedings.[1]

**I**

Mr. Wert was part of an extensive drug-trafficking organization that operated for nearly five years in multiple places, including Florida, Texas, Puerto Rico, and Mexico During the conspiracy, Mr. Wert and another individual were paid $10,000 to murder a member of the conspiracy. Mr. Wert eventually shot and killed that person.

---

[1] Because we write for the parties, and assume their familiarity with the record, we set out only what is necessary to explain our decision.

In 1997, a jury found Mr. Wert guilty of one count of conspiracy to possess with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 846.  He was held accountable for a total of 30,859 pounds of marijuana and 91.5 kilograms of cocaine.

According to the presentence investigation report, Mr. Wert had a criminal history category of IV due to his extensive criminal past, which included drug and weapon offenses, and because he committed the narcotics offense while on probation for another offense and less than two years after having been released from prison.  Mr. Wert had a total offense level of 43 under U.S.S.G. §2A1.1(a) because he killed a person under circumstances that would constitute murder under 18 U.S.C. § 1111.  His criminal history category of IV and his total offense level of 43 yielded a guideline range of life imprisonment, which was the sentence the district judge imposed.

In 2021, Mr. Wert filed a motion for compassionate release. He accepted responsibility for his criminal conduct but argued that his life sentence was longer than necessary to achieve the goals of sentencing; he had rehabilitated himself, and was no longer a danger to the public.  He also relied on COVID-19 to support his motion given that the pandemic put him in danger and resulted in limited recreation time and programming, unhealthy meals, restricted visitation, and restricted contact with his family.

Mr. Wert subsequently supplemented his original motion. Relevant to this appeal, in the supplemental motion filed on December 31, 2021, Mr. Wert argued that consideration of the §

3553(a) factors weighed in his favor.  Although he acknowledged that the murder he committed was the most serious of all offenses, he said that he regretted his actions and had atoned for them.  Mr. Wert also argued that the large disparity between his sentence and the sentence that someone who committed the same offense would face today called into question the justice of his sentence.

The government responded to Mr. Wert's motion.  It argued that the Bureau of Prisons had a COVID-19 protocol to keep inmates safe, and that the mere existence of COVID-19 was not an extraordinary and compelling reason for compassionate release. The government also argued that Mr. Wert should not be released because the § 3553(a) factors did not support his release and he was still a danger to the community.  According to the government, Mr. Wert had not only accumulated multiple prison infractions, but he was also a premediated murderer.  The government therefore argued that granting his release would demean the seriousness of the offense, would not promote respect for the law, would not protect the public from future crime, and would not adequately punish him.

The district court (not the original sentencing judge) then entered an order denying the motion.  The district court did not determine whether Mr. Wert had established an extraordinary and

compelling reason for his release, and instead focused its analysis on the "[s]ection 3553 [f]actors and [d]anger to the [c]ommunity."[2]

The district court found Mr. Wert's argument for a sentence reduction "unavailing." It explained that "[t]he sealed Presentence Report filed on August 6, 1997, clearly indicates why the sentencing judge was so clear and unequivocal in stating that the Defendant shall remain in prison the rest of his life." It further concluded that Mr. Wert's "request falls well short of meeting any of the necessary criteria in the applicable § 3553(a) factors." According to the district court, Mr. Wert's "misconduct and the relevant factors considered by the sentencing judge represent a serious offense—such that the Court cannot, in good faith, grant Defendant's request pursuant to § 3553."

This appeal followed.

## II

We liberally construe *pro se* filings. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). But we review an order granting or denying a motion for compassionate release under § 3582(c)(1)(A)(i) for abuse of discretion. *See United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021).

A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the

---

[2] Although the heading in the district court's order states, "Section 3553 Factors and Danger to the Community," the district court's order did not discuss danger to the community. *See* D.E. 597 at 6–7.

determination, or makes findings of fact that are clearly erroneous. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court also abuses its discretion when it fails to consider the § 3553(a) sentencing factors when deciding a motion under § 3582(c)(1)(A)(i). *See Cook*, 998 F.3d at 1183. "Review under an abuse of discretion standard, however, is not simply a rubber stamp." *Id.* (internal quotation marks omitted) (quoting *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017)). As we have stated, [a] district court . . . must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id.* (internal quotation marks omitted) (quoting *Johnson*, 877 F.3d at 997).

## III

Mr. Wert argues that the district court erred in denying his motion for compassionate release. *See* Appellant's Br. at 20–26. On this record, we agree.

## A

District courts lack the inherent authority to modify a term of imprisonment, but may do so under 18 U.S.C. § 3582(c). A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and (3) doing so would not endanger any person or the community within the meaning of U.S.S.G. § 1B1.13's policy statement. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). District courts are not required to address these three conditions in a

specific sequence, as the absence of even one forecloses a sentence reduction. *See id.* at 1237–38.

The district court here did not address whether there were extraordinary and compelling reasons that might merit compassionate release. *See* D.E. 597 at 6. Instead, the district court based its denial of the motion solely on the § 3553(a) factors. According to the district court, "[Mr. Wert's] request falls well short of meeting any of the necessary criteria in the applicable § 3553(a) factors." *Id.* The district court explained that it denied Mr. Wert's request because of his "misconduct and the relevant factors considered by the sentencing judge represent a serious offense[.]" *Id.* That was the entirety of the explanation provided by the district court.

We conclude that the district court abused its discretion in denying Mr. Wert's motion because its explanation and analysis are insufficient for meaningful appellate review. We have explained that "[w]e do not expect a district court to articulate its findings and reasoning with great detail." *Cook*, 998 F.3d at 1185 (internal quotation marks omitted) (quoting *Irey*, 612 F.3d at 1195). Nevertheless, when a district court is considering a motion under § 3582(c)(1)(A)(i), "it must ensure that the record reflects that it considered the [applicable] § 3553(a) factors." *Id.* (internal quotation marks omitted) (quoting *United States v. Douglas*, 576 F.3d 1216, 1220 (11th Cir. 2009)). "Without such information, we cannot engage in meaningful appellate review and must vacate and remand." *Id.* (internal quotation marks omitted).

Here, the record does not demonstrate that the district court adequately considered the applicable § 3553(a) factors. Mr. Wert argued that the § 3553(a) factors supported granting his motion. *See* D.E. 587 at 43–71. The district court's order, however, does not include anything to suggest that it considered, balanced, or weighed any of the § 3553(a) factors. Instead, the district court relied on the "relevant factors considered by the sentencing judge" as the primary basis for denying Mr. Wert's motion. D.E. 597 at 7. But that explanation is problematic for multiple reasons.

First, the parties agree that the transcript of Mr. Wert's sentencing in 1997 is unavailable. *Compare* Appellant's Br. at 11, *with* Appellee's Br. at 24. The district court was under the impression that the sentencing transcript was available, but it was incorrect. *See* D.E. 609 at 1 (incorrectly noting that the sentencing transcript, D.E. 377, was already part of the record). Apparently, the sentencing transcript was never transcribed and "the court reporter's notes of the proceeding are no longer available," so the sentencing transcript "cannot be produced." D.E. 610 at 1.

Second, none of the sentencing materials—the PSR, the sentencing minutes, the statement of reasons, and the judgment—demonstrate which § 3553(a) factors that were considered significant by the original sentencing judge or the findings made with respect to the § 3553(a) factors. For example, the "Statement of Reasons" does not contain any discussion regarding the § 3553(a) factors. Likewise, the judgement in the case states that Mr. Wert

"shall remain in prison for the rest of his life," but again, it does not include any discussion of the § 3553(a) factors. *See* D.E. 382 at 2.

In sum, the district court abused its discretion. By relying on statements by the sentencing judge that are not a part of the record, it adequately failed to consider the applicable statutory factors. *See Cook*, 998 F.3d at 1184 ("[A] district court abuses its discretion when it decides a motion under § 3582(c)(1)(A)(i) without considering the applicable statutory factors.").

**B**

The government argues that the district court did not err in denying Mr. Wert's motion for compassionate release. *See* Appellee's Br. at 9. According to the government, the district court did not err because it relied on Mr. Wert's 1997 PSR, which "detailed the facts of the case, including that Mr. Wert had murdered another associate of the drug-trafficking organization in exchange for $10,000." *See id.* at 12. The government therefore asks us to affirm the district court's denial of Mr. Wert's motion based on "the district court's finding of [Mr.] Wert's dangerousness and its finding that section 3553(a) factors did not warrant early release." *Id.* at 12–13. The government's argument is unavailing.

Contrary to the government's suggestion, the district court did not make any finding about Mr. Wert's "dangerousness." To be clear, we are not saying that the district court could not have found that Mr. Wert's admitted offense conduct, as reflected in the PSR, weighed against granting Mr. Wert's requested relief. *See Tinker*, 14 F.4th at 1241 ("The weight given to any specific § 3553(a)

factor is committed to the sound discretion of the district court.") (internal quotation marks omitted). We also are not saying that an explicit finding that Mr. Wert's release would endanger the community would not suffice for denial. *See id*. at 1237.

As we have previously acknowledged, "[o]ur task is to determine whether the record shows that the district court considered the applicable § 3553(a) factors." *Cook*, 998 F.3d at 1184. The record in this case shows that did not occur, and "we cannot simply assume the district court considered all that it must." *Id*. at 1186. Nor can we affirm, as the government suggests, on the basis that the record reflects that the § 3553(a) factors weigh against release, as we will not consider these factors in "the first instance." *Id*. at 1184.[3]

## IV

As we have explained, the present record does not allow for meaningful appellate review of the district court's reason for denying Mr. Wert's motion. We therefore vacate the district court's order and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED**.

---

[3] Because we conclude the present record is insufficient to allow meaningful appellate review of the sole ground relied upon by the district court, we do not reach the government's argument that Mr. Wert "did not establish an extraordinary and compelling reason for release under the policy statement of § 1B1.13." *See* Appellee's Br. at 13.