**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10822

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ROBERT WILLIS, JR.,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60067-RS-1

————————————

Before NEWSOM, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Robert Willis, Jr. appeals the district court's denial of his motion to reduce his sentence, pursuant to 18

U.S.C. § 3582(c)(2) and based on Amendment 821 to the Sentencing Guidelines. He contends that the district court failed to provide a basis for meaningful appellate review and that it abused its discretion by denying relief. After careful review, we affirm.

## I.

Where § 3582(c)(2) applies, we review the district court's decision to grant or deny a sentence reduction for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). An abuse of discretion arises if the district court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (per curiam) (quotation marks omitted).

## II.

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "This authority is limited to those guideline amendments listed in U.S.S.G. § 1B1.10(c) that have the effect of lowering the defendant's applicable guideline range." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (per curiam) (quotation marks omitted). The applicable policy statement for § 3582(c)(2) motions is U.S.S.G. § 1B1.10. *United States v. Bryant*, 996 F.3d 1243, 1256 (11th Cir. 2021).

In considering whether to "reduce the term of imprisonment of an already incarcerated defendant when that defendant

25-10822                Opinion of the Court                3

was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission," a district court must engage in a two-step analysis: (1) recalculating the guideline range under the amended guidelines; and (2) deciding whether, in its discretion, it should reduce the defendant's sentence considering the § 3553(a) factors.[1]  *United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000).  Because each condition is necessary, the failure to satisfy any one condition warrants denial of a motion for a sentence reduction.  *See United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021) (per curiam).  In November 2023, Amendment 821 to the Sentencing Guidelines went into effect.[2]  *See* U.S. Sentencing Commission, *Adopted Amendments (Effective November 1, 2023)*, Amendment 821.

---

[1] The factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the crime, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).

[2] As relevant here, the Guidelines were amended to limit the effect of criminal history "status points" on a defendant's sentence.  Now, only one point is added "if the defendant (1) receives 7 or more points under § 4A1.1(a) through (d), and (2) committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence."  U.S.S.G., Supp. App. C, Amend. 821.  Previously, the Guidelines added two points when a defendant committed the instant offense while under a criminal justice sentence.  U.S.S.G. § 4A1.1(d) (2021).

### III.

First, Willis argues that the district court's order failed to provide an individualized explanation, address whether he was eligible under Amendment 821, discuss the § 3553(a) factors, or engage with the relevant filings. Willis moved for a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. The government responded, agreeing that Willis would be eligible for relief under Amendment 821, but that a sentence reduction was unwarranted under the § 3553(a) factors. Although Willis did not mention the factors in his initial motion, in his reply, Willis pointed to the unwarranted sentence disparity with his current sentence and to his participation in education courses, rehabilitation programs, and substance abuse treatment. In a paperless order, the district court made the following determination: "The Court having considered the record as a whole, including the factors in § 3553(a), the Defendant's Motion is Denied."

When a district court considers the § 3553(a) factors, it need not explicitly discuss each of them nor state on the record that it has explicitly considered each of them. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). The district court need not articulate its findings and reasoning in detail as long as in light of the record, it is clear that the district court considered the relevant factors. *See United States v. Douglas*, 576 F.3d 1216, 1219–20 (11th Cir. 2009) (per curiam). An acknowledgment that the court considered all applicable § 3553(a) factors, along with "enough analysis

that meaningful appellate review of the factors' application can take place," is sufficient. *Id.* at 1240–41 (quotation marks omitted).

In the context of an amendment to a different guideline, our decision in *Douglas* held that a district court's failure to consider the § 3553(a) factors constituted reversible error because there was insufficient evidence that the district court had considered the sentencing factors given that the defendant's motion barely referenced the § 3553(a) sentencing factors and the government did not respond to the defendant's motion. *Id.* By contrast, in another case, we affirmed a § 3582 decision where the district court explained that it considered the prisoner's motion, which presented arguments about why the sentencing factors supported imposing a more lenient sentence and the government responded to those arguments. *United States v. Smith*, 568 F.3d 923, 928–29 (11th Cir. 2009); *see also United States v. Eggersdorf*, 126 F.3d 1318, 1323 (11th Cir. 1997) (concluding that a district court's reference to the defendant's motion and government's response in opposition, which in turn cited specific elements relevant to the necessary § 3553(a) analysis, supported a determination that the court afforded sufficient reasons for denying resentencing).

Here, although the district court's order denying resentencing is short, we believe, based on the record as a whole, that the district court has provided sufficient reasons for its order denying resentencing. The district court said that it "considered the record as a whole," which included Willis' motion for sentence reduction, and the government's response which disputed that the § 3553(a)

factors supported a reduction, noting Willis's criminal history and "significant prison disciplinary history." The record also included Willis's reply where he argued that the § 3553(a) factors did support his sentence reduction because of his rehabilitation in prison and the need to avoid unwarranted sentencing disparities. Further, the district court judge who declined to resentence Willis was the same judge who had accepted Willis's plea, reviewed his PSI, and imposed the original sentence. *See Eggersdorf,* 126 F.3d at 1323. Thus, the district court provided meaningful appellate review because it incorporated the record by reference, including the 18 U.S.C. § 3553(a) factors.

Second, Willis contends that the district court's denial was an abuse of discretion because it failed to determine his eligibility for relief and adequately consider the applicable § 3553(a) factors. We disagree. Even though the district court did not explicitly state if Willis was eligible for a sentence reduction at the first step of the analysis, *see Bravo,* 203 F.3d at 780–81, we assume that the district court agreed with Willis, that he was eligible for a sentence reduction at the first step of the analysis because Amendment 821 alters his applicable guidelines range—which the government did not dispute in its response.

Here, the district court considered the applicable § 3553(a) factors. We often note that a district court may attach great weight to relevant factors and is not required to discuss the mitigating evidence at length. *See Tinker,* 14 F.4th at 1240–41. The government's opposition, which the district court considered, proved a

clear basis under the § 3553(a) factors for denying the motion: Willis's criminal history, which included significant crimes, with the district court noting that the only time he was not committing crimes was when Willis was incarcerated, and Willis's lack of remorse. Thus, the court also did not abuse its considerable discretion because it reasonably found that the nature and circumstances of the offense and Willis's personal history and characteristics all weighed against a sentence reduction. Accordingly, we affirm.

**AFFIRMED.**